**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER LEE NEELEY, | No. 14-35670 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05761-JRC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted July 10, 2017**

Before: NELSON, TROTT, and OWENS, Circuit Judges.

Christopher Neeley appeals the district court's decision affirming the

Commissioner of Social Security's denial of Neeley's application for social

security disability insurance benefits and supplemental security income under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The Commissioner's determination at Step Two in the sequential evaluation process is supported by substantial evidence. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). The ALJ properly relied on the absence of record medical evidence sufficient to support a determination that Neeley's chronic pain did not cause more than minimal limitation in Neeley's ability to perform basic work activities. *See id.* ("[W]e must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments.").

The ALJ identified several specific, clear and convincing reasons that are supported by substantial evidence for discounting Neeley's credibility regarding the debilitating effects of his symptoms: (1) Neeley made inconsistent statements regarding his ability to perform other work; (2) Neeley's symptoms were not supported by objective medical records; and (3) Neeley's testimony regarding his symptoms was inconsistent with his reported activities of daily living. *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (stating that an ALJ may consider inconsistencies in testimony in weighing a claimant's credibility); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196–97 (9th Cir. 2004) (noting that

medical records inconsistent with a claimant's allegations as a permissible reason to find claimant not credible); *see also Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (listing among proper considerations for credibility assessment an engagement in activities of daily living that are inconsistent with the alleged symptoms). Any error in the ALJ's additional reasons for undermining Neeley's credibility was harmless because three other bases for discounting Neeley's testimony adequately support the ALJ's credibility determination, and each finds ample support in the record. *See Batson*, 359 F.3d at 1197 (concluding that, even if the record did not support one of the ALJ's stated reasons for disbelieving a claimant's testimony, the error was harmless).

The ALJ had a germane reason for assigning only "little weight" to the opinions of lay source Cheryl Smalley, ARNP and lay witnesses Brian Gavaghan and Darrel Connerly. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ included in the residual functional capacity ("RFC") assessment all the limitations that were supported by, and consistent with, substantial record evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Because the functional limitations identified by the ALJ in the RFC for sedentary work were supported by the medical evidence that the ALJ credited, there was no harmful

14-35670

error at Step 5 of the sequential evaluation process. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989) (explaining that the limitations included in the hypothetical propounded to a vocational expert need only be supported by substantial record evidence).

**AFFIRMED.**

14-35670